**In re Mark A. KEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 458725).**

**No. 04–BG–428.**

District of Columbia Court of Appeals.

Dec. 30, 2004.

---

Before FARRELL and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Respondent, Mark A. Key, is a member of the State Bar of North Carolina and of the bar of this court. On May 29, 2002, respondent was convicted of assault on a female, in violation of N.C. Gen.Stat. § 14–33(c)(2), and was sentenced to 45 days of incarceration.[1] As a result of respondent's conviction, the North Carolina State Bar initiated disciplinary proceedings against him. After filing an answer, respondent entered into a consent order which stipulated: 1) that an attorney-client relationship had existed between himself and the assault victim, 2) that he had made sexual advances toward the victim and engaged in physical contact with her for the purpose of arousing the sexual desire of the parties, and 3) that his conduct violated North Carolina Rules of Professional Conduct 1.18 and 8.4(b). On May 21, 2003, respondent was suspended from the practice of law for two years, but execution of the suspension was stayed subject to respondent's compliance with certain conditions.

After learning of respondent's discipline, Bar Counsel filed with this court a certified copy of the North Carolina disciplinary order. On May 18, 2004, we temporarily suspended respondent from the practice of law in this jurisdiction and referred the matter to the Board on Professional Responsibility. We subsequently lifted this interim suspension after Bar Counsel notified us that the North Carolina suspension had been stayed.

The Board has recommended that we impose reciprocal discipline in the form of a two-year suspension, execution of which should be stayed for three years conditioned upon respondent's not being held by the North Carolina State Bar to be in violation of the terms of its disciplinary order. The Board further recommends that if respondent's probation is revoked and the underlying suspension is imposed, he should not receive credit for the time spent on interim suspension in this jurisdiction.

Bar Counsel has informed us that she takes no exception to the Board's report and recommendation, and respondent has not filed any opposition to the report and recommendation. Given our limited scope of review and the strong presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Accordingly, it is

ORDERED that Mark A. Key be suspended from the practice of law in the District of Columbia for the period of two years. Execution of the suspension is stayed for three years on the condition that respondent not be held by the North Carolina State Bar to be in violation of the terms of its disciplinary order. If respondent's underlying suspension is imposed, he will not receive credit for the time spent on interim suspension in this jurisdiction between May 18, 2004, and July 19, 2004.

*So ordered.*

---

1. Execution of the sentence was suspended, however, and respondent was placed on two years probation and fined $500.00.